**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDRE LEANDER JACKSON

        Petitioner,

vs.                                       Case No.    3:08-cv-1036-J-32TEM
                                                                    3:05-cr-357-J-32TEM
UNITED STATES OF AMERICA,

        Respondent

**ORDER**[1]

This case is before the Court on petitioner Andre Leander Jackson's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 5) and the United States' Response. (Doc. 6.) Though given the opportunity to do so, petitioner did not file a reply. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

**I. Background**

On October 26, 2005, petitioner was indicted for possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

924(e). (Crim. Doc. 1.)[2]  He pled guilty to that charge on August 18, 2006 without a plea agreement. (Crim. Doc. 59.) On March 1, 2007, the Court sentenced petitioner to 180 months imprisonment. (Crim. Doc. 79.) Petitioner appealed his sentence to the Eleventh Circuit and that court affirmed petitioner's conviction and sentence on October 11, 2007. (Crim. Doc. 105.). Petitioner timely sought certiorari review by the U.S. Supreme Court which was denied on May 19, 2008. Jackson v. United States, 128 S.Ct. 2489 (2008).

On August 25, 2008, petitioner filed a "Motion to Recall, Void and/or Modify Judgment pursuant to Writ of Audita Querela, or alternatively, pursuant to the Fed. R. Crim. Procedure 2, and/or All Writs Act 28 U.S.C. § 1651(a)." (Crim. Doc. 106.) The Court recharacterized petitioner's claims as being properly brought pursuant to 28 U.S.C. § 2255, provided petitioner with notice as required by Castro v. United States, and granted petitioner leave to amend his claim with any additional grounds he might have. (Crim. Doc. 107.) Petitioner filed his amended § 2255 motion in this Court on December 8, 2008. (Doc. 5.) He raises four separate grounds for relief. The government argues that most of petitioner's arguments were raised on direct appeal and rejected by the Eleventh Circuit.

---

[2] Citations to Jackson's criminal case file, 3:05-cr-357-J-32TEM, are denoted as "Crim. Doc. ___." Citations to Jackson's civil § 2255 case file, 3:08-cv-1036-J-32TEM, are denoted as "Doc. ___."

2

**II. Legal Standard**

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

**III. Analysis**

    **A. Ground One**

In Ground One, petitioner argues that he was denied his Fifth Amendment right to due process of law. (Doc. 5 at 4.) This claim is nearly incomprehensible. To the extent that petitioner claims that the use of his prior state convictions to enhance his federal sentence violated the Double Jeopardy clause of the Fifth Amendment, that argument is without merit. See United States v. Carey, 943 F.2d 44, 46 n.4 (11th Cir. 1991) ("Enhancement of a sentence based on criminal conduct other than that underlying the instant conviction . . . is not considered 'punishment' for that conduct in the double jeopardy context because the court is sentencing the defendant only for the instant offense, which is considered more serious because of the defendant's

3

other criminal conduct.").

### B. Grounds Two, Three and Four

Although petitioner makes separate claims in Grounds Two, Three and Four of his motion, all three grounds request the same remedy, to wit, that his prior state court conviction for burglary should not have been scored as a "crime of violence" under the Armed Career Criminal Act ("ACCA"). In Ground Two, petitioner argues that because his burglary conviction occurred in 1984, a different version of the ACCA was in effect (the legal significance of this assertion is unclear). (Doc. 5 at 15.) In Ground Three, petitioner seemingly argues that his guilty plea to his prior state burglary did not establish that his conviction in that case qualified as a crime of violence. In Ground Four, petitioner argues that discrepancies in the treatment of his co-defendant in the state burglary prove that his prior was not a "crime of violence" under the ACCA.

This Court has already exhaustively examined the issue of whether petitioner's prior state conviction for burglary is a "crime of violence" under the ACCA. The Court hereby incorporates by reference the status conference and two sentencing hearings held on this subject. (Crim. Docs. 91, 93, 94.) After thorough review and over petitioner's objection, the Court held that his burglary conviction qualified as a "crime of violence" pursuant to the ACCA.

Petitioner appealed this Court's ruling and raised this issue with the Eleventh Circuit. The Eleventh Circuit affirmed his sentence, reasoning in part:

4

> While on its face Jackson's conviction is not clearly for generic burglary or burglary of a structure's curtilage, the charging document indicates that he did, in fact, burglarize a building. Accordingly, because this offense "ha[d] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," we agree with the district court that it qualifies as a generic burglary under the ACCA.

Id. (quoting Taylor, 495 U.S. at 598). Once a claim has been raised and adversely decided on direct appeal, it cannot be re-litigated in a collateral attack under § 2255. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Although petitioner's dissatisfaction with his fifteen-year minimum mandatory sentence is understandable, none of his claims call into question the Court's previous findings.

Because the Court finds none of the grounds raised in Jackson's motion provide any basis for relief, it is hereby

**ORDERED:**

Andre Leander Jackson's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Clerk shall enter judgment in favor of the United States and against Andre Leander Jackson, and close the file

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd.

Copies:
counsel of record
pro se party